I heard that those of you on the 3rd Circuit are admonished to turn here and give their attention for this court is now in session. God save the United States and this honorable court. Good morning. We'll hear our first case. Patel v. Atty Gen. Good morning, Your Honors. The last time I was here before this court arguing, it was the Barrios case, which involves, in essence, the same issue we're talking about today, the issue of voluntary departure. Following your decision in Barrios, you decided that Caneditas v. Gonzalez, which further extended voluntary departure, and the differences between the circuits brought the matter to the United States Supreme Court in Dada. And in Dada and Dada doesn't really help you, does it? Dada doesn't help me, no. But that's the reason I'd like to distinguish the Dada case. Dada and most of the other cases have been decided revolving around this issue. Talk about motions to reopen deportation hearings. Isn't the reasoning just as applicable to what you're trying to do here, though? I mean, the point that the Supreme Court seemed to be making in Dada was that we're dealing here with what is, in effect, an agreement between two parties. And if that's the case, why would it make any difference whether it was a motion to reopen or not? I think that's the fundamental difference that we have here. We're talking about, in this case, the right to make an appeal to this court. And that if you wish to make this appeal to this court, you're going to be losing a certain privilege. Whereas these others are motions to reopen. You're asking to go back to the original court, either the Immigration Court or the Board of Immigration Appeals, and say, I've had this agreement with you, but I've changed my mind. I'd like to make another type of application to you. But the right to make an appeal is, in fact, provided for as part of the agreement or the quid pro quo with voluntary departure. There is a right to pursue your petition for review. So doesn't the agreement that Judge Jordan refers to, this exchange of, well, you can have this if you do this, it actually preserves your right to file a petition for review with certain, you know, under certain conditions? Well, I think that kind of focuses on one of the differences here. There is a statutory right to judicial review. And you have that. You need to get to that point. I mean, your client had that opportunity. She could have departed within 30 days. It's in the regulation. It was in the order from the immigration judge. She could have left and had judicial review. She chose not to. And as the footnote 5 in Sandy says, that's a choice. Why is that anything less than a choice, a deliberate choice by your client to forego the voluntary departure? Well, the statutory, I don't think that the regulations or the interpretations by the service should necessarily be followed. I think there's a statutory scheme that sets up voluntary departure, that sets up judicial review. And I don't think that the agency should limit the voluntary departure just because you're seeking another statutory remedy, that is judicial review. Well, we know your client doesn't like it. The question is, is it something that the attorney general has the power to do? And that's what we're trying to pull out of you. What's the basis for saying, even if you think it's bad policy, what's the basis for saying it's something that the BIA isn't, that the attorney general isn't empowered to do? Well, I think that's one of the reasons that I started out talking about the Barrios and Canivet's case. Because in those two cases, you were looking at the interpretation of the Board of Immigration Appeals on the extent of voluntary departure and the ability to make motions to reopen. And you disagreed with their interpretation because it limited the ability to make motions to reopen. And here, though, you're not eliminating the ability to make the appeal to the court. You're certainly adding this Hobson's choice, perhaps, to some individuals. The case that I wanted, the situation I wanted to point out to the court is not necessarily the facts of this case, but the facts of someone applying for political asylum who disagrees with the judge's interpretations of the political asylum law, disagrees with the Board of Immigration's appeals. And many cases on political asylum are brought to this court where you have admonished the board and the immigration judge for their interpretations and their actions. And the right to be able to leave voluntarily for someone who is, in fact, afraid to go back to their home country is a very, very important right. Well, you say it's a right. The problem here is we have a regulation. It's not just a void or a vacuum, and we need to decide whether we agree with the BIA. We have a regulation here. So you have to, and according to that regulation, voluntary departure ended the moment the petition for review was filed. That's all there is to it, according to that regulation. Now, in order for us to help your client here, we need to find somehow that that regulation is invalid. And on what basis and what authority do you have for the proposition that that regulation, which says, you know, hear ye, hear ye, anybody, if you file a petition for review, and there was warning by the BIA as well, you file a petition for review, your voluntary departure is at an end. What basis do you have whereby we could invalidate that regulation? Well, if voluntary departure is a privilege and not a right, then what's the issue? Well, it's a privilege that's granted by the statute. And this regulation is putting a limit, as I say, on the statutory privilege granted there. But if it's a privilege, then what's the problem with creating strictures to the exercise of the privilege? It's not a right. I think there should be some limitation on what those restrictions in terms of reasonableness and protecting certain due process rights. How is it a due process violation? You go back to that, but that's the gist, I think, of most of the question you're getting is where's the right that's being violated here? If it's a privilege, as Judge Greenway says, and not a right, and that seems to be uncontested, right? You're not asserting that the statutes are anything less than clear about this being a discretionary privilege, are you? Well, I think it's a statutory privilege that the statute grants in certain situations, and there's certain limitations on the denial of voluntary departure. I thought 8 U.S.C. 1229 C.E. was very clear that the Congress was saying this is something completely within the Attorney General's discretion. It is, in other words, a privilege and not a right. And I didn't think that that was actually in dispute. So if that is, that's new to me. Are you saying you think it's something other than what Congress has said? No, I can't say it's something other than what Congress has said. Okay. So if we take that as the bottom line premise, the question you got to answer is the one Judge Rendell put to you earlier. And that is, on what basis would we say that the regulation is not in keeping with what Congress said the Attorney General could do? What would be the foundation for overturning the regulation? My best response is that I think that the privilege that was granted by the statute shouldn't be in an unbridled discretion or limitation beyond what Congress was thinking about. And as I say, they had a separate section granting the right of judicial review. But it's not unbridled if your client has a choice to make. Your client may not like the choice, but it's a choice. And it's a choice, but perhaps, as I say, a very difficult choice. You said a moment ago that you thought there was a due process was implicated. There was a due process issue. Articulate that, please. Once granted, the voluntary departure is, though a privilege, an important benefit to the alien to be able to leave on their own and choose what country they're going to. And then they have to perhaps forego their rights to appeal to this court in order to maintain that benefit. Perhaps I would prefer to use the word benefit than a privilege. Well, even so, as we pointed out at the beginning, there is a way to do both. Have a petition for review and leave within a month of the grant. Well, I can file the petition for review, but then I have to leave the country within 30 days of filing the petition, which certainly doesn't give the court the opportunity to make any ruling on the petition. Happens all the time. We do it on the record. Courts rule, yeah, on a regular basis. We have no stay of deportation cases and the person's deported, and then we decide the case. And also, there's the big benefit to your client is they have the opportunity, the possibility of coming back and not needing the attorney general of the United States' permission and a 10-year lapse. Right. All I'm seeking is that the court should have the discretion of whether or not to grant the voluntary departure. The regulation takes away the court's discretion on the issue. Assuming we ever had it, why isn't that something that Congress is perfectly entitled to do? I mean, that seems to be the point, as I was trying to make before about 1229CE. If I got it right, it allows the attorney general to limit eligibility for voluntary departure for any class or classes of aliens. That looks like a grant by Congress to the attorney general to have this authority completely within his or her discretion, precisely for the benefit of making the kind of bargain that the Supreme Court talked about in Dotto. So if we go, again, to that as the premise, what would be wrong with Congress or the Department of Justice regulation limiting what we as a court could do? Well, certainly Congress can do whatever it chooses, and I'm not certain that this type of regulation affecting petitions for review was what Congress intended when they gave that broad power. I forgot to ask at the beginning, I'd like to request perhaps two minutes for rebuttal. That much, okay. Great. Good morning, your honors. May it please the court. John Echols on behalf of the United States. Your honors, in this case, the court's jurisdiction is defined by INA 242 and arises when a petition for review is filed. The attorney general, pursuant to the statutory vested in him, pursuant to INA 240BE, promulgated regulations which state that a grant of voluntary departure shall terminate if an alien chooses to file a petition for review. It was interesting, though, that you didn't raise this regulation until an order was entered by the court or the clerk saying, what about this regulation? You didn't rely upon it originally at all in responding to the petition for review. The order from the clerk preceded the briefing in this case, your honor. It was April 16th, 2009, excuse me. Oh, all right. And then we responded on May 4th. But then you filed the brief, and the brief didn't mention it. Curious. The brief discussed it in short order, your honor. Neither of those is fully adequate for the purposes we're here for today and the government. I assume your position is, though, it's totally, you know, the regulation just removes any doubt about whether we can obtain the money. I think that's what we say both in our response to the April 16th order and in our brief, but not in enough detail, your honor. And I think what we would request from the court is the ability. We're here to provide detail. Provide detail today. And also, we would also, for the benefit of the court, request supplemental briefing, because we don't feel that this issue has been sufficiently. We did file something on July 8th. You did send in a 28-J about Sandy. 28-J, that's correct, your honor. So there's a little bit more there. And you were given an opportunity to speak to this and chose to file a, what, three-sentence letter? I mean, why? Yeah, why? Well, it seems odd to come and say, give us more time when you were given an opportunity to discuss this and we got a one-paragraph letter. I think that the, I'm sorry. I'm interested in your addressing, if you would, the comment or the argument that's made by the petitioner here that the government is trying to do through the back door what we said in Obali it couldn't do through the front door. You know, we said you can't take away the power of the courts to stay things or that's their spin on Obali and that this effectively does that and therefore should not be permitted. Do you have a response to that? I think the data spoke to that, your honor, where they said that statutes, that voluntary departure grants cannot be told. Also, the Congress in enacting 240B-B-2 states that it's a 60-day period. They do not state that that can be told. The Congress further, in enacting 240B-E, gives the Attorney General broad discretion to limit the class or classes of aliens that are eligible for voluntary departure and that. Is there anything left of Obali in light of this argument you're making? I think little after DADA, your honor. I think that DADA comes in and says that there is no authority to stay at voluntary departure periods and that the regulations are fully in line with what the Supreme Court said in DADA. Supreme Court actually spoke favorably of the then pending regulations which reflect what the Supreme Court said in DADA but are similar to what was then pending. I think that the importance of the new regulation is that it gives the Attorney General the authority to create a uniform system. Whereas previously there were different rules in the various circuits as to whether or not an alien could be allowed to stay at a voluntary departure period, under the current regulations there has been created a new uniformity which didn't previously exist. And I think that that is one of the benefits that perhaps Congress was looking for in enacting 240B-E. Would you agree that what we said in Sandy was dicta with respect to this regulation as this specific issue wasn't squarely before us? I would say that it was dicta, your honor. I agree with that. However, it's a published decision. I think the court, in the government's opinion, looked at the issue and made a reasoned interpretation of the new regulation at that time. Your adversary raises a due process issue with regard to the regulation. Could you just speak to that for a moment? I think that the process here, that in, trying to think of the correct way to respond to this, your honor. 240B-B-2 from Congress gives a 60 day period for voluntary departure. Nothing in the regulation diminishes an alien's ability to stay in the country for 60 days following a final order of removal to the extent that that is the voluntary departure period that they're afforded. They have 30 days to file a petition for review. And then they have 30 days pursuant to 8 CFR 1240-26I to leave the country and not have it treated like a departure under an order of removal. So that, therefore, the alien hasn't lost anything pursuant to the new regulations as we read them. Are there any further questions from the panel? I would just want to tell the court that we apologize to the extent that our response on May 4th was perhaps inadequate. And the attorney that responded to that letter, to that court order, excuse me, did not deem that to be an invitation for full briefing. We would, at the court's discretion and the court's request, provide supplemental briefing on this issue to the extent that it would be beneficial and helpful to the court. We can do that whenever the court would, at the court's, you know, whenever the court would like. Thank you, your honors. Thank you. The, this court in Obali spoke of the equitable power of the court and that perhaps my phrasing using the word due process was misplaced, but I was speaking to that same type of equitable power of the court. And the court brought up also the issue of the right to continue the case with the court even once someone has departed. I know that's the rule in this circuit, but I'm not certain that that is the rule in all the circuits. I don't know. I, since most of my practice is here, I'm not. I would be hard to imagine that somehow the petition for review would then be. Well, certainly the board's position is that once you depart the country, the cases move. But once the jurisdictions with the court, I know that this is the circuit. No, we decide a lot of cases. No, no, I say this is the rule here. I don't, I'm, I agree with Judge Rendell. I think you're, you're, you're making surmises that there's not a foundation for. I think it's the, it's indeed a regular practice and it's in the regs that the mailing doesn't have to be.